In light of Defendant's guilty plea entered on June 18, 2019, Defendant's Motion in Limine (Doc. No. 67) is DENIED as moot.

*Eli Richardson*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-00005 |
| | ) | JUDGE RICHARDSON |
| DARRYL WAYNE PIGG | ) | |

### DEFENDANT DARRYL PIGG'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF PRIOR CRIMINAL HISTORY AND PENDING WARRANTS

Through counsel, defendant Darryl Pigg moves the for an order directing the government to exclude any evidence of Mr. Pigg's prior criminal history, outstanding warrants, or "fugitive" status, other than the agreed stipulation that Mr. Pigg has a prior felony conviction. The defendant respectfully requests that the Court order the government and any of its witnesses to refrain from offering any testimony at trial concerning this conviction. If the prosecution intends to offer any such evidence, the defense requests that this Court instruct the prosecutor to make known to the Court and defense counsel, outside the presence and hearing of the jury, that she or he intends to offer such proof, and allow the Court to rule on its admissibility out of the presence of the jury.

Mr. Pigg respectfully submits that evidence concerning his prior conviction is not admissible pursuant to Rule 404 of the Federal Rules of Evidence. Rule 404(b) provides that "evidence of a crime, wrong or other act, is not admissible to prove a person's character in order to show that on a particular occasion the person acted in